IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00274-BNB

FRANKIE L. MCCONNELL,

    Plaintiff,

v.

MICHELLE ABEYTA,
JOHN SCOLERI,
LAURA TAFOYA, and
K. STEENBERGEN,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Frankie L. McConnell, currently resides at the Samaritan House Homeless Shelter in Denver, Colorado. She fails to clarify whether she is on parole. Ms. McConnell submitted *pro se* a Prisoner Complaint (ECF No. 1) and an amendment to the Prisoner Complaint (ECF No. 7). She asks for money damages and appears to ask for the restoration of lost earned-time credits. *See* ECF No. 7 at 1.

    The Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 Ms. McConnell submitted on February 11, 2014 (ECF No. 8), will be granted. The Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 she submitted on January 30, 2014 (ECF No. 3) will be denied as moot. The Court must construe the Prisoner Complaint, as amended, liberally because Ms. McConnell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an

advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss the Prisoner Complaint, as amended, and this action as legally frivolous.

Ms. McConnell challenges a disciplinary report she received while incarcerated from Defendant, Michelle Abeyta, charging her with threats and disobeying a lawful order. She alleges she was falsely convicted on January 12, 2012, by Defendants, John Scoleri and K. Steenbergen, hearing officers at her disciplinary hearing, and sanctioned by twenty days of punitive segregation and the loss of thirty days of earned-time credits. She complains that Defendant, Laurie Tafoya, upheld the conviction on appeal. Because Ms. McConnell fails to allege a constitutional violation, the Court will construe Ms. McConnell's allegations liberally as a claim that her due process rights were violated in connection with the prison disciplinary action.

The threshold issue is whether Ms. McConnell alleges facts that implicate a constitutionally protected liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974). A liberty interest protected by due process may arise under the Due Process Clause itself or state law. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Prison discipline does not implicate a liberty interest that arises under the Due Process Clause itself because prisoners are not entitled to any particular degree of liberty. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum*, 427 U.S. at 224. Therefore, the only pertinent question is whether the disciplinary conviction implicates a protected liberty interest that arises

under state law.  "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Meek v. Jordan*, 534 F. App'x 762, 765 (10th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Otherwise, an inmate must show that the punishment will "inevitably affect the duration of his sentence."  *Sandin*, 515 U.S. at 487.  Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increases the duration of confinement, and whether the conditions are indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

That Ms. McConnell received twenty days of punitive segregation did not subject her to an atypical and significant hardship in relation to the ordinary incidents of prison life.  *See, e.g., Meek*, 534 F. App'x at 765 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest).

Furthermore, the forfeiture of earned-time credits in conjunction with a prison disciplinary conviction does not implicate a constitutionally protected liberty interest because generally earned-time credits do not count as service of the inmate's sentence, but rather serve only to establish parole eligibility.  *See Kailey v. Price*, 497 F. App'x 835, 835-36 (10th Cir. Sept. 27, 2013) (citing *Jones v. Martínez*, 799 P.2d 385, 387-88 & n. 5 (Colo.1990) (collecting cases)), and *Thiret v. Kautzky*, 792 P.2d 801, 805-07 (Colo.1990) (only those inmates sentenced to a crime committed after July 1, 1979, but

before July 1, 1985, are entitled to mandatory parole; for other offenders, parole is discretionary). The loss of earned-time credits for an inmate subject to discretionary parole does not inevitably affect the length of his confinement because the decision to release an inmate on parole "rests on a myriad of considerations." *Sandin*, 515 U.S. at 487.

If Ms. McConnell is within the category of offenders entitled to mandatory parole, she may not seek restoration of the forfeited earned-time credits in this § 1983 action. Instead, she must first pursue the due process claim in a separate habeas corpus proceeding under 28 U.S.C. § 2241. *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (per curiam) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997)); *see also Brown v. Smith,* 828 F.2d 1493, 1495 (10th Cir. 1987) (holding that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek restoration of good-time credits rescinded at a disciplinary hearing). However, because Ms. McConnell no longer is incarcerated and assuming she is on parole, her request for restoration of her earned-time credits is moot at this time because generally earned-time credits do not count as service of the inmate's sentence, but rather serve only to establish parole eligibility. *See Kailey*, 497 F. App'x at 835-36.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. McConnell files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint, as amended, and this action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 8) is granted. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to file a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this   21st   day of    March          , 2014.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court